Receipt number 9998-5200063

# THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PLAINTIFF NO. 1<br><br>PLAINTIFF NO. 2<br><br>PLAINTIFF NO. 3<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Civil Action No. _____    **19-242 C**<br><br>**PLAINTIFFS' COMPLAINT FILED IN COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT** |

## COMPLAINT

### INTRODUCTION

1.　　This is a civil action brought by Plaintiffs who are employees of the defendant United States of America ("Defendant"), in its Department of Justice, Federal Bureau of Investigation ("FBI"). Plaintiffs are or were employed as Investigative Specialists ("IS") in occupational series GS-1801. Plaintiffs bring this case on behalf of themselves and all others similarly situated. Plaintiffs seek to recover from Defendant back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"), 5 U.S.C. § 5596, and other applicable laws.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28 U.S.C. §§ 1346(a)(2), 1491, and 29 U.S.C. § 216(b).

3. Further, this Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to issue declaratory judgments and other relief sought herein in that actual controversies exist between the Plaintiffs and Defendant regarding actions and failures to act by Defendant under the FLSA and otherwise.

**THE PARTIES**

4. Plaintiffs are employees of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2015, 5541.

5. Plaintiffs, and others similarly situated, desire anonymity in connection with their participation in this litigation, and seek to litigate this case partially under seal, in light of the sensitive nature of the duties they perform for Defendant, and the need for their identities not to be disclosed and made public in this litigation, or otherwise, as is more fully set forth in Plaintiffs' Motion for a Protective Order and to Permit Plaintiffs and Putative Class members to File their Claims Anonymously, which is being filed on their behalf in this Court simultaneously herewith.

6. Defendant and its involved agency is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

**GENERAL ALLEGATIONS**

7. Plaintiff No. 1 is employed by Defendant as a GS-1801 IS and has been classified by Defendant as FLSA exempt from at least 2016 to October 13, 2018.

8. Plaintiff No. 2 is employed by Defendant as a GS-1801 IS and has been classified by Defendant as FLSA exempt from at least 2016 to October 13, 2018.

9. Plaintiff No. 3 is employed by Defendant as a GS-1801 IS and has been classified by Defendant as FLSA exempt from at least 2016 to October 13, 2018.

10. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

11. OPM regulations pertaining to the FLSA mandate that agencies observe the following principles when making FLSA determinations. First, "[e]ach employee is presumed to be FLSA nonexempt unless the employing agency correctly determines that the employee clearly meets the requirements of one or more of the [FLSA] exemptions . . . [.]" 5 C.F.R. § 551.202(a). Second, "[t]he burden of proof rests with the agency that asserts the exemption." 5 C.F.R. § 551.202(c). Third, "[a]n employee who clearly meets the criteria for exemption must be designated FLSA exempt. If there is a reasonable doubt as to whether an employee meets the criteria for exemption, the employee will be designated FLSA nonexempt." 5 C.F.R. § 551.202(d). Fourth, "[w]hile established position descriptions and titles may assist in making initial FLSA exemption determinations, the designation of an employee as FLSA exempt or nonexempt must ultimately rest on the duties actually performed by the employee." 5 C.F.R. § 551.202(e).

12. From at least 2016 to October 13, 2018, Defendant considered and treated Plaintiffs and others similarly situated as FLSA exempt, and did not accord Plaintiffs the rights and benefits to which FLSA non-exempt employees of Defendant are entitled.

13. From at least 2016 to October 13, 2018, Plaintiffs, and others similarly situated, received compensatory time instead of FLSA overtime pay or overtime pay at a rate less than they are due under the FLSA, for working in excess of 8 hours each day and/or 40 hours each week.

14. Defendant and its officers and agency, the FBI, have previously misclassified employees as exempt from the overtime provisions of the FLSA.

15. Defendant and its officers and agency, the FBI, willfully have violated the provisions of the FLSA by wrongfully and willfully failing and refusing to provide Plaintiffs, and others similarly situated, with pay and benefits due under the FLSA and implementing regulations of Defendant.

**COUNT ONE**

**(Failure to Properly Compensate Plaintiffs for Overtime under FLSA)**

16. Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 15 above.

17. Defendant wrongfully and willfully denied Plaintiffs, and others similarly situated, coverage under FLSA and wrongfully and willfully withheld overtime compensation due them by failing and refusing to pay them in accordance with FLSA for hours worked in excess of 8 hours per day and/or 40 hours per week.

## COUNT TWO

### (Request for Back Pay, Liquidated Damages, Interest, Attorneys' Fees and Costs)

18. Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 17 above.

19. As a result of the wrongful and willful violations of law by Defendant and its officers and agents as alleged in the claims specified above, there is due and owing to Plaintiffs, and others similarly situated, various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

20. Employment, time, work, pay, leave and other records relating to Plaintiffs are in the possession, control, and custody of Defendant and its officers and agents and Plaintiffs are unable to state at this time the exact amount of pay, benefits, and liquidated damages which are due and owing to them with respect to their individual claims. Defendant and its officers and agents are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability to Plaintiffs may be determined.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a) Issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiffs were employed by Defendant in a non-exempt capacity under the FLSA from at least 2016 to and including October 13, 2018, and were wrongfully and willfully denied such status by Defendant; and

b)	Order Defendant, subject to rules and regulations to be established by this Court which conform with the FLSA, to conduct a full, complete and accurate accounting of all back overtime wages, interest, and liquidated damages due and owing to Plaintiffs as is sought herein from 2016 to a date which is not more than 30 days before the date on which the judgment herein is paid; and

c)	Award Plaintiffs such back pay, liquidated damages, and interest under the FLSA and Back Pay Act from the date of the denial of such pay and entitlements until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by Defendant under applicable federal laws and regulations; and

d)	Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendant under FLSA, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and

e)	Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the production of information or papers of Defendant establishing Defendant's liability herein; and

f)	Grant to Plaintiffs such other relief as the Court deems just and proper.

                                                  Respectfully submitted,

                                                  **/s/Linda Lipsett**
                                                  Linda Lipsett (Counsel of Record)

OF COUNSEL:                                BERNSTEIN & LIPSETT, P.C.
                                                  1130 Connecticut Avenue, N.W., Suite 950
Jules Bernstein                             Washington, D.C.  20036
Michael Bernstein                          (202) 296-1798
BERNSTEIN & LIPSETT, P.C.          (202) 496-0555 facsimile
1130 Connecticut Avenue, N.W., Suite 950  chouse@bernsteinlipsett.com
Washington, D.C.  20036
(202) 296-1798
(202) 496-0555 facsimile                     *Attorneys for Plaintiffs*
chouse@bernsteinlipsett.com


Daniel M. Rosenthal
Alice Hwang
JAMES & HOFFMAN, P.C.
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com
achwang@jamhoff.com


Dated:  February 12, 2019

## **CERTIFICATE OF SERVICE**

Pursuant to the Rules of the United States Court of Federal Claims, Rule 4, service of this complaint on Defendant United States of America will be effectuated by the clerk of the court.

                                  Respectfully,

                                  ***s/ Linda Lipsett***
                                  Linda Lipsett

February 12, 2019